**Mohamed FOFANA, Petitioner,**

v.

**Alberto R. GONZALES,* Attorney General, Respondent.**

No. 03–74468.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 9, 2005.

Decided July 5, 2005.

Bart Klein, Esq., Law Offices of Bart Klein, Seattle, WA, for Petitioner.

---

** The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Regional Counsel, Laguna Niguel, CA, WWS–District Counsel, Seattle, WA, Joan E. Smiley, Esq., OIL, Washington, DC, for Respondent.

Before: BEEZER, THOMPSON, and MCKEOWN, Circuit Judges.

## MEMORANDUM **

Mohamed Fofana, a native and citizen of Sierra Leone, petitions for review of the Board of Immigration Appeals' decision dismissing his appeal from an immigration judge's (IJ) denial of his applications for asylum, withholding of deportation, and relief under the Convention Against Torture. We have jurisdiction pursuant to 8 U.S.C. § 1252(a), and we deny the petition for review.

Fofana contends the IJ's adverse credibility determination was not adequately supported by specific, substantial, and legitimate reasons. We review that determination for substantial evidence. *Gui v. INS*, 280 F.3d 1217, 1225 (9th Cir.2002). While this substantial evidence standard demands deference, "we do not accept blindly an IJ's conclusion that a petitioner is not credible." *Id.* (quoting *Osorio v. INS*, 99 F.3d 928, 931 (9th Cir.1996)). In this case, the testimony and evidence cited by the IJ arguably do not provide a reasonable basis upon which to base an adverse credibility determination. We need not decide that question, however, because even assuming Fofana's credibility, there is substantial evidence in the record to support the IJ's decision to deny asylum, withholding of removal, and relief under the Convention Against Torture.

To establish eligibility for asylum on the basis of past persecution, an applicant must demonstrate "(1) an incident, or incidents, that rise to the level of persecution; (2) that is 'on account of' one of the statutorily-protected grounds; and (3) is committed by the government or forces the government is either unable or unwilling to control." *Chand v. INS*, 222 F.3d 1066, 1073 (9th Cir.2000) (internal quotation marks and citation omitted). "Persecutory conduct may have more than one motive, and so long as one motive is one of the statutorily enumerated grounds, the requirements have been satisfied." *Singh v. Ilchert*, 63 F.3d 1501, 1509 (9th Cir.1995). Thus, we have held that when a petitioner presents credible evidence of persecutory conduct motivated largely by financial concerns, but also motivated at least in part by the petitioner's political opinion, such a showing is sufficient. *See, e.g., Jahed v. INS*, 356 F.3d 991, 998–99 (9th Cir.2004) (individual extortionist who threatened to turn the petitioner in to the government as a political opponent motivated, at least in part, by the petitioner's political opinion); *Borja v. INS*, 175 F.3d 732, 736–37 (9th Cir.1999) (en banc) (petitioner persecuted on account of political opinion when guerilla group ordered her to pay taxes to support their cause in response to her refusal to join because of her political beliefs); *Gonzales–Neyra v. INS*, 122 F.3d 1293, 1294, 1296 (9th Cir.1997), *as amended* 133 F.3d 726 (1998) (petitioner persecuted on account of his political opinion when subjected to extortion by guerilla organization requiring him to pay them every month or risk harassment and closure of his business).

In this case, the IJ did not specifically consider Fofana's asylum application under a multiple motives analysis. Never-

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

theless, we review the record to determine whether the evidence compels a finding that Fofana was persecuted, at least in part, on account of his political opinion, or another enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We conclude the record does not compel such a finding.

The rebels may have been aware of Fofana's political opposition to their cause, yet there is little to demonstrate, and nothing to compel a finding, that the rebels were motivated even in part by this fact. Moreover, the evidence established the existence of another, logical reason for Fofana's persecution—recruitment of young men to the rebels' cause.

In sum, the record does not compel a finding that Fofana was persecuted because of his political opinion. Nor does the record compel a finding that Fofana has a well-founded fear of future persecution on account of any protected status. *See Ladha v. INS,* 215 F.3d 889, 897 (9th Cir.2000).

Because Fofana did not establish eligibility for asylum, he necessarily failed to qualify for withholding of removal. *Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003). Fofana also failed to present evidence sufficient to satisfy his burden to show it is more likely than not that he would be tortured if removed to Sierra Leone. *See* 8 C.F.R. § 208.16(c)(2); *Mamouzian v. Ashcroft,* 390 F.3d 1129, 1139 (9th Cir.2004).

**PETITION FOR REVIEW DENIED.**